IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHELLE MCDONALD-WITHERSPOON, :
Individually and as Administratrix of the :
ESTATE OF KENYADA JONES : CIVIL ACTION
v. : NO. 17-1914
:
CITY OF PHILADELPHIA, et al. :

# ORDER

Upon consideration of defendant MHM Services, Inc.'s partial motion to dismiss plaintiff's complaint, Dkt. No. 13, the response of plaintiff Michelle McDonald-Witherspoon, individually and as administratrix of the estate of Kenyada Jones, Dkt. No. 21, and consistent with the accompanying memorandum of law, it is ORDERED that the motion is GRANTED with respect to plaintiff's claims against MHM as follows:

1. Plaintiff's claim under 28 U.S.C. § 1983 for violation of Jones's constitutional rights is DISMISSED with leave to amend;

2. Plaintiff's claim under 28 U.S.C. § 1983 for violation of her own constitutional rights is DISMISSED with leave to amend;

3. Plaintiff's claims under Title II and Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131–12165 & 12181–12189, are DISMISSED;

4. Plaintiff's claim under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, is DISMISSED with leave to amend;

5. Plaintiff's claim under Article I of the Pennsylvania Constitution is DISMISSED;

6. Plaintiff's state law claim for negligent infliction of emotional distress is DISMISSED;

7. Plaintiff's state law claim for intentional infliction of emotional distress is DISMISSED with leave to amend;

8. Plaintiff's state law claims for false arrest, false imprisonment, malicious prosecution and abuse of process are DISMISSED; and

9. Plaintiff's claim under the Pennsylvania Human Relations Act (PHRA), 43 Pa. Stat. Ann. § 951 *et seq.*, is DISMISSED.

Upon consideration of the motion to dismiss by defendants City of Philadelphia, Amber E. Browne and Jeanette Palmer, Dkt. No. 14, and plaintiff's response, Dkt. No. 22, and consistent with the accompanying memorandum of law, it is ORDERED that the motion is GRANTED IN PART and DENIED IN PART. With respect to plaintiff's claim against the City of Philadelphia under 28 U.S.C. § 1983 for violation of Jones's constitutional rights, the motion is DENIED. In all other respects, the motion is GRANTED as follows:

1. With respect to plaintiff's claims against the City of Philadelphia:

    a. Plaintiff's claim under 28 U.S.C. § 1983 for violation of her own constitutional rights is DISMISSED with leave to amend;

    b. Plaintiff's claim under Title III of the ADA is DISMISSED;

    c. Plaintiff's claims under Title II of the ADA and § 504 of the Rehabilitation Act are DISMISSED with leave to amend;

    d. Plaintiff's claim under Article I of the Pennsylvania Constitution is DISMISSED;

    e. Plaintiff's state law tort claims are DISMISSED; and

    f. Plaintiff's claim under the PHRA is DISMISSED.

2. With respect to plaintiff's claims against Browne and Palmer:

    a. Plaintiff's claim under 28 U.S.C. § 1983 for violation of Jones's constitutional rights is DISMISSED with leave to amend;

b. Plaintiff's claim under 28 U.S.C. § 1983 for violation of her own constitutional rights is DISMISSED with leave to amend;

c. Plaintiff's claims under Title II and Title III of the ADA and § 504 of the Rehabilitation Act are DISMISSED;

d. Plaintiff's claim under Article I of the Pennsylvania Constitution is DISMISSED;

e. To the extent plaintiff brings tort claims against Browne and Palmer in their official capacities, they are DISMISSED;

f. Plaintiff's negligence claims against the officers in their individual capacities are DISMISSED;

g. Plaintiff's state law claims for intentional infliction of emotional distress against the officers in their individual capacities are DISMISSED with leave to amend;

h. Plaintiff's state law claims for false arrest, false imprisonment, malicious prosecution and abuse of process against the officers in their individual capacities are DISMISSED with leave to amend;

i. Plaintiff's claims under Pennsylvania's Wrongful Death and Survival Acts are DISMISSED with leave to amend; and

j. Plaintiff's claim under the PHRA is DISMISSED.

Upon consideration of the motion to dismiss by defendant Philadelphia Adult Parole and Probation Department (PAPP), Dkt. No. 15, plaintiff's response, Dkt. No. 23, and PAPP's reply, Dkt. No. 24, and consistent with the accompanying memorandum of law, it is ORDERED that PAPP's motion is GRANTED with respect to plaintiff's claims against PAPP as follows:

1. Plaintiff's claims under 28 U.S.C. § 1983 for violation of both Jones's constitutional rights and her own constitutional rights are DISMISSED;

2. Plaintiff's claims under the Titles II and III of the ADA are DISMISSED;

3. Plaintiff's claim under § 504 of the Rehabilitation Act is DISMISSED with leave to amend;

4. Plaintiff's claim under Article I of the Pennsylvania Constitution is DISMISSED;

5. Plaintiff's state tort law claims are DISMISSED;

6. Plaintiff's claims under the Wrongful Death and Survival Acts are DISMISSED with leave to amend; and

7. Plaintiff's claim under the PHRA is DISMISSED.

Plaintiff may file an amended complaint consistent with this Order on or before September 15, 2017.

If plaintiff files an amended complaint, defendants shall file a responsive pleading within fourteen days thereafter. If no amended complaint is filed, defendants City of Philadelphia and MHM shall file an answer to the claims remaining against them on or before September 29, 2017.[1]

So ORDERED this 25th of August, 2017.

*s/Thomas N. O'Neill, Jr.*
THOMAS N. O'NEILL, JR., J.

---

[1] As a result of this Order, plaintiff's remaining claims against the moving defendants are her § 1983 claim against the City of Philadelphia and her claim for negligence and medical malpractice against MHM.

Defendant Corizon has already filed an answer. Defendant CFCF, however, has not entered an appearance and plaintiff has not provided the Court with proof that she has served it. Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."