IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE McDONALD-WITHERSPOON, | : | |
| Individually and as Administratrix of the | : | CIVIL ACTION |
| ESTATE OF KENYADA JONES | : | |
| Plaintiff | : | NO.  17-CV-1914-TON |
| vs. | : | |
| CITY OF PHILADELPHIA; ET AL. | : | **SUPPLEMENTAL BRIEF IN** |
| Defendants | : | **OPPOSITION TO SUMMARY** |
| | : | **JUDGMENT MOTIONS** |

Plaintiff submits this supplemental brief in response to the Court's request for clarification of plaintiff's arguments on the specific issues that follow. Plaintiff submits this as part of plaintiff's opposition to defendants' summary judgment motions, and incorporates all previous arguments, fact statements, exhibits and briefing into this brief as if repeated at length.[1]

**A.      Defendants Palmer and Browne Are Not Entitled to Absolute Immunity**

The parole officers who sent Kenyada Jones to prison for being mentally disabled, argue that they are entitled to absolute immunity from any claim or lawsuit under the Eleventh Amendment's sovereign immunity doctrine. Plaintiff opposes that argument on multiple grounds, including the following.

**1.      Sovereign Immunity Does Not Extend To Federal (42 USC § 1983) Claims Against Employees Acting In Their Individual Capacity (Direct, Personal Involvement)**

The facts in the record demonstrate Browne and Palmer are being sued in their individual capacities for their personal participation in the false arrest and imprisonment of Kenyada Jones, not in their official capacities as representatives of the Parole Department. Sovereign immunity does not attach to state employees personally involved in the unconstitutional act giving rise to a § 1983 claim.

---

[1] Plaintiff attaches to this Brief a statement from the plaintiff, Kenyada Jones' mother Michelle McDonald-Witherspoon, giving an overview of the underlying facts and the impact they have had.

1

In the case of *Johnakin v. Berringer*, a parolee sued his parole officer, who was employed with the Pennsylvania state agency of parole.

> Johnakin alleges that his probation officer, Defendant Stuart Berringer, revoked his parole because he refused to change his health care provider. (ECF No. 2 at 6.) Johnakin, who asserts he is HIV positive and who had employer provided health care, was directed by Berringer to enroll in a counseling program not covered by his health care plan. (*Id*.) Johnakin asserts he could not afford to pay for the counseling out of pocket and Berringer threatened to reincarcerate him if he did not comply with his counseling obligation, (*Id*.) Johnakin characterizes these events as Berringer demanding that he drop his employer provided health care plan, which would have resulted in his not being able to receive treatment for his HIV status since December 2018

*Johnakin v. Berringer*, CIVIL ACTION No. 19-CV-3484, at *1 (E.D. Pa. Sep. 30, 2019).

Accordingly, the court dismissed the "official capacity" claims against Berringer under the sovereign immunity doctrine.

> As Pennsylvania has not waived its sovereign immunity, and because Congress has not explicitly abrogated immunity through authorizing legislation, the Eleventh Amendment operates as a bar to claims for damages under Section 1983 against Berks County Adult Probation and Parole as well as the official capacity claim against its employee Berringer. Accordingly, these claims must be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

*Johnakin v. Berringer*, CIVIL ACTION No. 19-CV-3484, at *5 (E.D. Pa. Sep. 30, 2019).

However, the "individual capacity" claims were not barred by the sovereign immunity, and though they were barred on unrelated grounds not applicable here, plaintiff was granted leave to clarify his federal individual capacity claim. "The dismissal of this claim will be without prejudice and Johnakin will be granted leave to amend his claim if can cure the defect identified by the Court, or his individual capacity claim is based upon some other legal theory to which the *Heck* bar would not apply" *Johnakin v. Berringer*, CIVIL ACTION No. 19-CV-3484, at *9-10 (E.D. Pa. Sep. 30, 2019)

Likewise, in the case of *Davison v. Kennedy*, the Court applied sovereign immunity to the state law claims only, and declined to extend immunity to the federal § 1983 claims.

> "Sovereign immunity applies to intentional and negligent torts." Mitchell, 680 F.Supp.2d at 682 (citations omitted). "[W]illful misconduct does not vitiate a Commonwealth employee's immunity if the employee is acting within the scope of his employment, including intentional acts which cause emotional distress." Id…. It is not disputed that the alleged actions taken by Parole Defendants were taken in their capacity as parole officers and that they were acting within the scope of their employment with the Board. Thus, Parole Defendants' motion is GRANTED with respect to all of plaintiff's state law claims in Count II and these claims are DISMISSED WITH PREJUDICE. Mitchell, 680 F.Supp.2d at 683…. The plaintiff has stated cognizable §1983 claims of deprivation of his Fourth Amendment rights and Fourteenth Amendment due process rights under Count I against defendants Taylor and Sheaffer. As such, the Parole Defendants' motion to dismiss these claims is DENIED.

*Davison v. Kennedy*, CIVIL ACTION No. 3:15-1373, at *21-23 (M.D. Pa. Feb. 11, 2016).

When federal claims are involved, sovereign immunity depends on whether the state employee is named in his/her official or individual capacity, i.e. whether it is alleged the employee personally participated in the constitutional violation.

> Immunity extends to state agents or officials when the "action is in essence one for the recovery of money from the state." *Regents of the Univ. of Cal*, 519 U.S. at 431. Because "the state is the real, substantial party in interest [it] is entitled to sovereign immunity from suit even though individual officials are nominal defendants." *Id*. To determine whether a plaintiff has sued the defendants in their individual capacities, official capacities, or both, a court is to look at the complaint and "course of proceedings." *Graham*, 473 U.S. at 167 n.14. The Third Circuit, in deciding that a defendant was sued in her individual capacity, emphasized that the plaintiffs named only the state official, and not the state itself, as a defendant from whom they sought to recover damages. *Melo v. Hafer*, 912 F.2d 628, 636 (3d Cir. 1990). The *Melo* court also noted that the defendant raised the defense of qualified immunity, a defense only available to government officials sued in their individual capacities. *Id*. In addition, the Third Circuit has reasoned that a plaintiff's request for punitive damages, in addition to compensatory damages, indicates that the plaintiff intended to sue the defendants in their individual capacities. *Gregory v. Chehi*, 843 F.2d 111, 119-20 (3d Cir. 1988).

*Lawton v. N.J. Dep't of Cmty. Affairs*, Civil No. 15-8526 (RBK/JS), at *5 (D.N.J. Sep. 16, 2016).

> Monetary claims for deprivations of civil rights are subject to the sovereign immunity bar, as the United States Supreme Court has held that "neither a State nor its officials

>   acting under their official capacities are 'persons' under § 1983." <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). As such, an employee of the State named as a defendant in a civil rights action may be held liable for damages only if that person has personal involvement in the alleged wrongs and is sued in their personal capacity. <u>See Hafer v. Melo</u>, 502 U.S. 21, 31 (1991) ("state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983")…. Here, the defense does not challenge Plaintiffs' claim brought under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment, except to argue that such claim against the State, State Police, and troopers named in their official capacities should be dismissed.

*Gibbons v. N.J. State Police*, Civil Action No. 13-3530, at *12 (D.N.J. Dec. 1, 2015).

In our case, plaintiff's § 1983 claims against Browne and Palmer are for Browne and Palmer's personal participation in the violation of Kenyada Jones' rights under the Equal Protection and Due Process clauses of the US Constitution, by imprisoning him for "psychiatric treatment" due to his being a schizophrenic.

### 2. <u>Sovereign Immunity Does Not Extend To Employees Acting Intentionally and Outside Scope of Job Duties – Sending Parolees To Prison For "Psychiatric Treatment" Is Outside Scope Of Parole Officer's Job Duties (State and Federal Claims)</u>

Both the state and federal claims are not subject to sovereign immunity because Browne and Palmer were not acting within the scope of their employment.

>   "Based on the Complaint, there are no allegations to support the contention that Defendants Brown and Miller were acting outside the scope of their employment, and therefore sovereign immunity applies. Plaintiff alleges only that they authorized the complaint against Perkins for forgery and tampering with records of identification. (Doc. No. 1 ¶ 10.) Plaintiff has not alleged that Defendants Brown and Miller were acting outside the scope of their employment in approving the complaint against Perkins. Accordingly, Defendants Brown and Miller are covered by sovereign immunity and Count II will be dismissed as it pertains to those two defendants. The same cannot be said, however, for Defendant Staskiewicz. Plaintiff alleges Staskiewicz conducted a knowingly flawed investigation and arrested him despite personal knowledge that he had insufficient evidence to support a finding of probable cause for the arrest. (Doc. No. 1 ¶ 11.) ***While properly investigating complaints made to the police department would fall within the scope of his employment, the same cannot be said for conducting a purposefully flawed investigation***. <u>Pansy v. Preate</u>, <u>Shoop v. Dauphin County</u>, and <u>Pickering v. Sacavage</u>, cases cited by Defendants, all support the proposition that a mere failure to have probable cause in effectuating an arrest does not prevent the application of sovereign immunity when the officer's actions otherwise fall within the scope of his employment. <u>870 F.Supp. 612</u> (<u>M.D.Pa</u>. 1994); <u>766 F.Supp. 1327</u> (<u>M.D.Pa</u>.

4

> 1991); 642 A.2d 555 (Pa.Commw.Ct. 1994). However, those cases are all distinguishable from the allegations made by Perkins because in none of those cases was there an allegation that the ***defendant officer knowingly or purposefully made an arrest without probable cause***. See Pansy, 870 F.Supp. at 615-16; Shoop, 766 F.Supp. at 1334; Pickering, 642 A.2d at 560. Here, Plaintiff alleges that Defendant Staskiewicz arrested Plaintiff knowing that the investigation was flawed and that he lacked probable cause to make the arrest. Staskiewicz' knowledge that he was making an unlawful arrest is important because it takes conduct that would have been within the scope of his employment as a police officer — investigating complaints and making arrests — outside the scope of employment because it no longer serves the interests of the employer."

*Perkins v. Staskiewicz*, CIVIL ACTION No. 1:CV-08-1651, at *7-8 (M.D. Pa. Mar. 13, 2009) (emphasis added).

Browne and Palmer did not have Kenyada Jones arrested and imprisoned because of a good faith belief or probable cause that he was in violation of his parole conditions. They arrested and imprisoned him because of his mental disability, schizophrenia. They knowingly sent him to jail for so-called psychiatric treatment. They were playing doctor: which is outside the scope of their job duties.

**B.    Section 1983 Claim against City of Philadelphia For Unconstitutional Written Policy**

This case deals with an actual written policy (the "KOP" policy of CFCF attached as an exhibit), as opposed to an inferred custom or practice. Liability of the municipality, City of Philadelphia, can be established without the need to identify a specific city employee responsible for the policy. The claims against the City itself versus the warden of the jail are not interdependent.

> [M]unicipalities and other local governmental units 'can be sued directly under § 1983 for monetary, declaratory, or injunctive relief.' Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). ... To state a plausible § 1983 claim against a municipality, the complaint must contain factual allegations showing that a municipal custom or policy caused the constitutional violation. Monell, 436 U.S. at 694; McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009) (the plaintiff must "identify a custom or policy, and specify what that custom or policy was").... Once a § 1983 plaintiff identifies a municipal policy or custom, he must 'demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.' Berg v. Cty. of Allegheny,

>219 F.3d 261, 276 (3d Cir. 2000) (quoting Bd. of Cty. Com'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997)). Where the policy or custom does not facially violate federal law, causation can be established only by demonstrating that the municipal action was taken with deliberate indifference as to its known or obvious consequences. Id.... The complaint's general allegations that Warden Harper was a policy maker for the Allegheny County Jail, was ultimately responsible for Jacqulyn's safety and general well-being, and failed to adequately train, supervise, monitor, discipline, investigate, and/or correct deficiencies, do not, without supporting factual detail, state a plausible claim for relief against a supervisor under § 1983. The complaint contains no factual allegations suggesting that Warden Harper actually knew or had reason to believe that prison doctors or their assistants were mistreating Jacqulyn, that he was in any way involved or aware of her specific medical treatment, or that he, as a high-ranking prison official, knew that there were serious system-wide deficiencies in the provision of medical care at ACJ being administered to similarly situated inmates. See Barkes, 766 F.3d at 324; Sample v. Dieks, 885 F.2d 1099, 1118 (3d Cir. 1989).... Similar to Warden Harper, the County cannot be held liable under § 1983 merely because the medical contractors at ACJ improperly prescribed Jacqulyn medication and failed to treat and monitor her symptoms thereafter, absent an unlawful policy or custom that caused her injuries. See Monell, 436 U.S. at 694. There are no well-pleaded facts in the complaint that allow us to infer that the County itself took any unlawful actions through established policy or custom regarding the alleged mistreatment of Jacqulyn by the medical contractors at the jail.... Because there are no facts in the complaint that allow us to infer that Allegheny County had in place an unconstitutional policy or custom that caused Jacqulyn's injuries, the complaint fails to state a claim for municipal liability under § 1983.

*Wehrli v. Allegheny Cnty.*, Civil Action No. 16-977, at *13-17 (W.D. Pa. Apr. 4, 2017).

The language of the cases shows that, where an actual policy is involved, plaintiffs can bring claims against the municipality and against an individual policymaker separately. The claims against the municipality do not require an individual employee to be named as a defendant.

In any event, plaintiff did identify the warden as the overseer/policymaker. The warden's dismissal as an individual defendant on procedural grounds does not affect the merits of the claim against the City.

WHEREFORE, Plaintiff requests that this Honorable Court deny the summary judgment motions of defendants.

                Respectfully submitted,

                CRISTAL LAW FIRM LLC
By:   /s/ Stephen Cristal
       Stephen Cristal, Esq. (Atty. ID Nos. 95020(PA))
       100 Springdale Road, #A3-223, Cherry Hill NJ 08003
       Phone: (215) 917-0602, Fax: 215-914-6353, Email: cristallawfirm@aol.com
       Attorneys for Plaintiff(s)

Dated: June 8, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE McDONALD-WITHERSPOON, | : | |
| Individually and as Administratrix of the | : | CIVIL ACTION |
| ESTATE OF KENYADA JONES | : | |
| Plaintiff | : | NO. 17-CV-1914-TON |
| vs. | : | |
| CITY OF PHILADELPHIA; ET AL. | : | **PROOF OF SERVICE** |
| Defendants | : | |

The undersigned certifies that on this date true and correct copies of the above certificate of merit were duly served on all parties in this case via electronic transmission and/or first-class US mail postage prepaid to the following addressee(s):

Shannon Zabel, Esquire, Assistant City Solicitor, City of Philadelphia Law Department
1515 Arch Street, 14th Floor, Philadelphia, PA 19102
P: 215-683-5381/215-683-5114, E: shannon.zabel@Phila.gov
Attorney for City of Philadelphia, Warden Gerald May, Amber Browne and Jeanette Palmer

Cassidy L. Neal, Esquire of Matis Baum O'Connor
912 Fort Dusquesne Blvd., Pittsburgh PA 15222
Phone: 412-338-4750, Email: cneal@mbo-pc.com
Attorney for MHM Services, Inc. a/k/a MHM Correctional Services Inc., Deborah Harris-White, LSW and Cheryl Baldwin, MSW

Thomas J. Gregory, Esquire of O'Connor Kimball LLP
Two Penn Center Plaza, Suite 100, 1500 JFK Boulevard, Philadelphia PA 19102
P: 215-564-0400, E: tgregory@okllp.com
Attorney for Defendant Corizon Health Inc., Vivian Gandy, MD

        CRISTAL LAW FIRM LLC
By:  /s/ Stephen Cristal
        Stephen Cristal, Esq. (Atty. ID Nos. 95020(PA))
        100 Springdale Road, #A3-223, Cherry Hill NJ 08003
        Phone: (215) 917-0602, Fax: 215-914-6353, Email: cristallawfirm@aol.com
        Attorneys for Plaintiff(s)
Dated: June 11, 2020